UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10594-RGK-MAR | | Date | February 26, 2024 |
|---|---|---|---|---|
| Title | *Lucine Khachatryan v. Costco Wholesale Corporation et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 11]**

## I.    INTRODUCTION

On April 5, 2023, Lucine Khachatryan ("Plaintiff") filed a Complaint in state court against Costco Wholesale Corporation ("Costco WA") and DOES 1-30. Plaintiff asserts two causes of action: (1) negligence; and (2) premises liability. On December 18, 2023, Costco WA filed a Notice of Removal on the basis of diversity jurisdiction.

On December 26, 2023, Plaintiff filed an amendment in state court, substituting Costco Wholesale Membership, Inc., a California Corporation ("Costco Membership") for DOE 2. On January 16, 2024, Plaintiff filed the present motion to remand, arguing that the addition of Costco Membership destroys diversity jurisdiction. For the following reasons, this Court **DENIES** Plaintiff's motion.

## II.    FACTUAL BACKGROUND

According to Plaintiff, on April 21, 2021, a dangerous condition existed within a Costco Wholesale in Los Angeles, California. The operators of the store failed to warn customers of, or cure, the dangerous condition. As a result, Plaintiff slipped and fell while shopping, sustaining injuries.

## III.    JUDICIAL STANDARD

An action originally filed in state court may be removed to district court if that court would have original jurisdiction over the action. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10594-RGK-MAR | Date | February 26, 2024 |
|---|---|---|---|
| Title | *Lucine Khachatryan v. Costco Wholesale Corporation et al* | | |

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## IV.  DISCUSSION

Plaintiff seeks remand of the action, claiming that the addition of Costco Membership as a defendant destroys diversity jurisdiction. However, the Court finds Costco Membership was never properly added as a party to the action. Thus, the Court **DENIES without prejudice** Plaintiff's motion to remand.

### A.  Improper Addition of Costco Membership

28 U.S. Code section 1446 states that, after filing a notice of removal, the party removing the action shall also file a notice with the state court and the adverse party: after this point, the state court "shall proceed no further unless and until the case is remanded." 28 USCA § 1446(d). Thus, the operative complaint is the complaint standing in state court at the time of removal, unmodified by anything filed later in state court. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006).

In the present case, there is no dispute that Costco WA properly filed a notice of removal on December 18, 2023. (ECF No. 1.) Therefore, anything filed in state court after this date is disregarded, and the operative complaint at the time of removal was the original complaint naming only Costco WA as a defendant.[1]

On December 26, 2023, Plaintiff attempted a DOE amendment in state court, to add Costco Membership to the action. However, Costco WA's notice of removal had already been filed and served on Plaintiff eight days prior. In fact, Exhibit A to Plaintiff's Motion to Remand shows that counsel for Costco WA notified Plaintiff that their attempted amendment was untimely and improper. Because this attempted amendment in state court occurred after removal, it does not constitute a proper amendment in this Court.

### B.  No Leave to Amend Requested

Additionally, the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. Proc. 81(c). Rule 15(a)(1) states that "a party may amend its pleading once as a matter of course" 21 days after service of a responsive pleading or a motion under Rule 12(b),

---

[1] The Court notes that Defendant's Notice of Removal includes a non-conformed copy of "Amended to Complaint Naming Doe 1," substituting Costco CA as Doe 1. However, without proof of filing prior to removal, the Court finds this "amendment" has no bearing on the issue. More significant to this motion, however, is the fact that Plaintiff does not rely on Costco CA as a basis for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-10594-RGK-MAR | Date | February 26, 2024 |
|---|---|---|---|
| Title | *Lucine Khachatryan v. Costco Wholesale Corporation et al* | | |

(e) or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P 15(a)(2).

Here, there is no dispute that Defendant has filed an Answer, and there is no indication that Plaintiff may amend as a matter of course. (ECF No. 1) Thus, Plaintiff can amend its pleading only with opposing party's written consent or leave of court. Plaintiff has obtained neither.

Thus, at this time, Costco Membership's citizenship has no relevance to the question of subject matter jurisdiction.

**V.    CONCLUSION**

Based on the foregoing reasons, the Court **DENIES without prejudice** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/vc |